UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW CATANZARO,

       Petitioner,

v.

CARMEN PALMER,

       Respondent.
_____/

Case No. 08-11458
Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 18, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Petitioner, a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction and sentence in the Circuit Court for St. Clair County, Michigan, following a plea of guilty to second degree criminal sexual conduct in violation of Michigan Compiled Laws Ann. § 750.520c and being a habitual second offender under Michigan Compiled Laws Ann. § 769.10. Petitioner asserts three grounds in support of his request for habeas relief, which he summarizes as follows:

        I.    Defendant's guilty plea must be set aside because the trial court did not establish a factual basis. As such it constitutes an inaccurate and involuntary plea in violation of Defendant's right against self-incrimination and right to due process of law.

> II. Defendant is entitled to resentencing because the trial court clearly erred and violated Defendant's right to jury trial and due process of law in scoring 10 points for offense variable 4 resulting in an increase in Defendant's sentencing guidelines range from EI to EII and in considering factually inaccurate information at sentencing.
>
> III. Where Defendant was charged with both sexual delinquency and habitual offender, the plea bargain which included a dismissal of the sexual delinquency in return for a plea of guilty to habitual offender was illusory and not understandingly and intelligently made, denying him due process of law, because Defendant could not properly have been sentenced on both charges.

Respondent has filed an answer to the petition, in which she argues that Petitioner's first and second grounds lack merit and the third ground is unexhausted. On January 7, 2009, this Court referred the matter to Magistrate Judge Donald A. Scheer for a report and recommendation with respect to the petition.

On January 21, 2009, Magistrate Judge Scheer issued his Report and Recommendation (R&R), in which he recommends that this Court deny Petitioner's application for a writ of habeas corpus. Magistrate Judge Scheer concludes that there is no merit to the grounds raised in the petition. At the conclusion of his R&R, Magistrate Judge Scheer advises the parties that they must file any objections to the R&R within ten days after service upon them. Petitioner filed objections to the R&R on February 4, 2009. In his objections, Petitioner reasserts the arguments that he made in his initial brief in support of his claim for habeas relief, although he raises additional arguments with

respect to his first claim and the issue of whether he exhausted his third claim in the Michigan courts.

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Halter*, 131 F. Supp. 2d at 944 (citations omitted). To the extent Petitioner's objections restate the arguments raised in his initial brief– which Magistrate Judge Scheer correctly and adequately addresses in his R&R– the Court finds it unnecessary to readdress those arguments here. The Court, however, will address Petitioner's first claim for relief as clarified in Petitioner's objections and his assertion that he exhausted his third claim in the state courts.

**Standard of Review**

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state

court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Price v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*.

## Factual Background

Petitioner's conviction arises from an incident on November 3, 2005. On that date, Petitioner visited a Dairy Queen in Port Huron, Michigan, and he exposed his penis and made obscene remarks to one or more of the establishment's employees. Later the same day, Petitioner telephoned the Dairy Queen and used obscene language while talking to one of the employees. As a result of Petitioner's conduct, the State charged him with indecent exposure in violation of Michigan Compiled Laws Ann. § 750.335a, being a sexually delinquent person under Michigan Compiled Laws Ann. § 750.10a, and malicious use of a telephone in violation of Michigan Compiled Laws Ann. § 750.540e.

Petitioner eventually reached an agreement with the State pursuant to which he

agreed to plead guilty to second degree criminal sexual conduct and being a second habitual offender in exchange for the State's dismissal of the original charges.  Michigan Compiled Law Section 750.520c defines second degree criminal sexual conduct as "sexual contact with another person" where certain defined circumstances exist (e.g. the other person is under 13 years of age).  Mich. Comp. Laws § 750.520c.  Petitioner entered his guilty plea before St. Clair County Circuit Court Judge James Adair on July 25, 2006.  Judge Adair subsequently sentenced Petitioner on August 28, 2006, to a term of imprisonment of 36 to 270 months.

On August 24, 2007, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals in which he raised the first and second grounds for relief that he asserts in the instant petition.  Petitioner also filed a motion to remand, in which he requested a remand to the trial court for a hearing on his claims.  In a standard order, the Michigan Court of Appeals denied Petitioner's application for leave to appeal "for lack of merit in the grounds presented" and his motion to remand "for failure to demonstrate a need for remand."  *People v. Catanzaro*, No. 280246 (Mich. Ct. App. Oct. 1, 2007) (unpublished opinion).

On October 3, 2007, Petitioner filed a motion for rehearing or reconsideration in the Michigan Court of Appeals in which he asserted the third ground for relief that he asserts in his present habeas corpus petition.  The appellate court denied that motion in a standard order on November 1, 2007.  Petitioner thereafter filed an application for leave to appeal in the Michigan Supreme Court, which the Court also denied in a standard

order. *People v. Catanzaro*, 480 Mich. 1075, 744 N.W.2d 152 (2008).

Petitioner filed the instant petition for a writ of habeas corpus on April 4, 2008. Respondent filed her answer on October 10, 2008. Shortly thereafter, Respondent submitted the following materials pursuant to Rule 5 of the Rules Governing § 2254 Cases: the St. Clair County Circuit Court docket sheet; the transcript of the July 25, 2006 plea hearing; the transcript of the August 28, 2006 sentencing; and the standard orders of the Michigan courts.

## Analysis

It appears from the brief submitted in support of Petitioner's application for habeas relief that Petitioner is arguing in his first ground for relief that his guilty plea should be overturned because the trial court failed to establish a factual basis at the plea hearing to support a finding that he was guilty of second degree criminal sexual conduct. Respondent apparently understood this to be the extent of Petitioner's first claim for relief, as she answered the claim simply by arguing the following:

> A valid plea requires only that a defendant be acting of his own free will and that he understand the nature of the offense, the direct consequence of a guilty plea, and the rights he forfeits. There is no constitutional requirement that a state judge inquire into the factual basis of a plea. *Roddy v. Blair*, 516 F.2d 1380, 1385 ([6th Cir.] 1975). Consequently, failure of a trial judge to conduct an adequate inquiry into the factual basis for a plea "will not serve as a basis for habeas relief." *United States v. McGlockin*, 8 F.3d 1037, 1047 ([6th Cir.] 1993) (en banc).

(Answer at 9). Magistrate Judge Scheer adopted this reasoning and found no merit to

Petitioner's first ground for relief. (R&R at 3.)

With the aid of Petitioner's objections, however, this Court understands that he actually is arguing in his first claim that his plea was not entered knowingly and voluntarily because he was unaware of the nature of the second degree criminal sexual conduct charge to which he pleaded guilty. Pursuant to Michigan Compiled Law Section 750.520c, "a person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person" and an enumerated special circumstance exists. Petitioner contends that "he was not made aware that he had to have touched [the victim] . . ." to be guilty of second degree criminal sexual conduct. (Doc. 14 at 2.)

Petitioner's argument fails, however, because the Michigan legislature has not defined "sexual contact" as requiring the actor's touching of the victim. Instead, "sexual contact" is defined as including the following: ". . . the intentional touching of the victim's *or actor's* intimate parts or the intentional touching of the clothing covering the immediate area of the victim's *or actor's* intimate parts, . . ." Mich. Comp. Laws § 750.520a(q) (emphasis added). "Intimate parts" includes the primary genital area. *Id.* § 750.520a(e). At his plea hearing, Petitioner admitted to facts establishing that he touched his penis or the clothing covering his penis. Petitioner testified as follows:

> Q: . . . is it true that while you were [at the Dairy Queen] that you exposed your penis to some of the employees of that establishment?
>
> A: Yes.

(Doc. 10-3 at 9.) In this Court's opinion, this clearly meets the Michigan legislature's

7

definition of sexual contact.  As a result, this Court cannot conclude that Petitioner unknowingly pleaded guilty to second degree criminal sexual conduct.

In his Objections, Petitioner also argues that Magistrate Judge Scheer erred in concluding that he failed to exhaust his third claim for relief in the Michigan courts.  In fact, Petitioner did raise this claim in the motion for rehearing or reconsideration that he filed in the Michigan Court of Appeals on October 3, 2007.  Nevertheless, Magistrate Judge Scheer also analyzed the merits of Petitioner's claim and concluded that it lacked merit.  For the reasons set forth in the R&R, this Court agrees with that conclusion.

## Conclusion

For the above reasons, this Court agrees with Magistrate Judge Scheer's recommendation in his R&R.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

                                                    s/PATRICK J. DUGGAN
                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Matthew Catanzaro, #313263
Mid Michigan Correctional Facility
8201 North Croswell Road
St. Louis, MI 48880

AAG Raina Korbakis
Magistrate Judge Donald A. Scheer

8